IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT POON,

        Plaintiff,                           No. CIV S-02-2539 GEB DAD P

    vs.

STATE OF CALIFORNIA, et al.,

        Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this action. Defendants' fully briefed motion to dismiss for failure to exhaust administrative remedies is before the court.

PROCEDURAL HISTORY

        Plaintiff commenced this action by filing a civil rights complaint on November 25, 2002. The voluminous pleading was not submitted on a form and does not allege exhaustion of administrative remedies. The pleading names eight defendants and identifies additional defendants as DOES 1-20. Plaintiff seeks $25 million in damages for exposure to environmental tobacco smoke, as well as declaratory relief and injunctive relief in the form of an order requiring the California Department of Corrections ("CDC") to place him on single-cell status for the remainder of his sentence or as long as the CDC continues to sell tobacco in state prisons or allow inmates to receive tobacco by mail.

1

On December 5, 2002, the undersigned determined that the complaint states cognizable claims against three of the named defendants: Ms. Lemus, Lt. Flores, and Correctional Officer Carter. These defendants were served with the complaint and filed an answer on March 10, 2003. A discovery order was issued on March 17, 2003.

A scheduling order was issued on July 17, 2003. That order was modified on January 5, 2004, after the court granted defendants' motion to compel plaintiff's deposition testimony. Discovery subsequently closed on March 1, 2004. No dispositive motions were filed on or before the April 30, 2004 deadline.

On June 7, 2004, defendants moved to re-open discovery and pretrial motion practice. Plaintiff opposed defendants' motion but filed a motion of his own seeking leave to add new defendants and new claims to the case. The court denied both motions on June 23, 2004.

Plaintiff filed a timely pretrial statement on September 27, 2004, and defendants filed a timely pretrial statement on October 15, 2004. Defendants' pretrial statement was accompanied by a request for leave to file an amended answer alleging the affirmative defense of failure to exhaust administrative remedies, as well as a motion to dismiss the action for failure to exhaust administrative remedies. Upon reviewing the motion to dismiss proffered by defendants, the undersigned found that the motion appears to be meritorious.

> Assuming for the sake of argument that the declaration of S. Cervantes and the attached documents comprise the complete record of inmate appeals concerning exposure to environmental tobacco smoke filed by plaintiff prior to November 21, 2002, the date on which plaintiff mailed his civil rights complaint to the court, the undersigned finds that plaintiff did not exhaust available administrative remedies on his claims against defendants Lemus, Flores, and Carter before he brought this action. As plaintiff was advised in this court's order filed June 23, 2004, exhaustion must be completed prior to filing an action.

(Order filed Oct. 26, 2004, at 2-3.)

Defendants' requests were granted, the dates set for pretrial conference and jury trial were vacated, and plaintiff was provided with an opportunity to respond to defendants'

motion to dismiss. The court called plaintiff's attention to the order filed in this action on December 27, 2002. On pages 3 and 4 of that order, the court set out the requirements for responding to a motion to dismiss for failure to exhaust administrative remedies made by defendants pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure. The court cautioned plaintiff that failure to demonstrate exhaustion of available administrative remedies on his claims against defendants Lemus, Flores, and Carter prior to November 21, 2002, would result in a recommendation that defendants' motion to dismiss be granted and that this action be dismissed without prejudice. (Order filed Oct. 26, 2004, at 3.)

## THE PARTIES' ARGUMENTS

Defendants seek dismissal of this action pursuant to the unenumerated portion of Rule 12(b) on the ground that plaintiff failed to exhaust the available administrative remedies related to the claims alleged in his complaint prior to filing suit. Defendants state that plaintiff alleges that defendants Lemus, Carter, and Flores intentionally exposed him to second-hand smoke in violation of his Eighth Amendment rights by refusing to accommodate his request on November 30, 2001 for single cell status and his request on March 16, 2002, for a bed move. Defendants offer two declarations with exhibits to demonstrate that plaintiff did not exhaust available administrative remedies with regard to these claims.

In a declaration dated October 13, 2004, S. Cervantes, the appeals coordinator at California State Prison-Solano, states that he has reviewed institutional records and plaintiff's inmate file to determine whether plaintiff filed any appeals regarding alleged exposure to second-hand smoke, requesting a cell move to avoid being housed with a smoker, or objecting to the denial of a cell move. (Cervantes Decl. ¶ 2.) In the institution's inmate appeal records, declarant found no inmate appeal filed by plaintiff in 2001 or 2002 regarding exposure to second-hand smoke, being housed with a smoker, or denial of a cell move request made because of second-hand smoke. (Cervantes Decl. ¶ 3.) Declarant found an inmate appeal filed May 26, 2004, after this action was commenced, in which plaintiff requested single cell status and a new cell mate

who does not smoke or snore. The appeal was partially granted on August 25, 2004. (Cervantes Decl. ¶¶ 4-5 & Attach. 1.)

In plaintiff's central file, declarant found an inmate appeal filed in June 2002, in which plaintiff alleged denial of medical attention. Plaintiff claimed he had submitted two requests to be seen by the doctor for chest pain and coughing caused by second-hand smoke inhalation, but had not been seen by the doctor. On August 13, 2002, a nurse interviewed plaintiff regarding the appeal, and plaintiff stated that after filing the appeal he was seen by a doctor in regard to other medical issues, was no longer having problems related to second-hand smoke, and had a new cell mate who did not smoke. The appeal regarding denial of medical attention was granted in part based on plaintiff's having been seen and all issues having been resolved. (Cervantes Decl. ¶¶ 8-9 & Attach. 3.)

Declarant states that plaintiff wrote a letter to Warden Tom Carey on November 21, 2001, concerning single cell status. The warden responded to the letter with a memorandum dated December 20, 2001, in which he advised plaintiff that the institution enforces its no-smoking policy, explained that a review of plaintiff's central file did not support plaintiff's request for single cell status based on departmental factors, and informed plaintiff of the process to follow to request a cell move. (Cervantes Decl. ¶¶ 6-7 & Attach. 2.)

In a declaration dated October 15, 2004, J. Pearson, acting chief of the inmate appeals branch in Sacramento, states that the inmate appeals branch maintains a record of all third-level administrative appeals accepted for review, that a thorough search of those records was conducted, and that there were no inmate appeals filed by plaintiff received or reviewed at the director's level in 2001 or 2002 concerning exposure to second-hand smoke or refusal to accommodate requests for single-cell status. (Pearson Decl. ¶¶ 1-6.)

Defendants argue that plaintiff failed to exhaust available administrative remedies because he did not file any inmate appeal concerning the claims alleged in this action prior to filing the action. Defendants concede that plaintiff requested single-cell status in a letter to the

4

warden in 2001, but they contend that the letter did not exhaust the claims alleged in this action because plaintiff did not allege intentional exposure to second-hand smoke or denial of cell move requests.  In response to the letter, the warden informed plaintiff of the proper procedure for requesting a cell move, advised plaintiff that his central file did not support his request for single-cell status, and stated that the no-smoking policy is enforced.  Defendants concede that plaintiff cited second-hand smoke in the inmate appeal he filed in 2002, but they argue that the appeal concerned medical care and did not exhaust the claims alleged in this action because plaintiff did not allege intentional exposure to second-hand smoke or denial of cell move requests. Defendants conclude that this action must be dismissed because plaintiff did not exhaust available administrative remedies concerning his claims prior to filing this action.

        Plaintiff opposes defendants' motion on the grounds that administrative remedies were exhausted when the warden denied his letter and the State Board of Control denied his tort claim.  Plaintiff provides copies of his letter to the warden, the warden's response, an undated state tort claim received by the State Board of Control on June 3, 2002, and a letter dated July 2, 2002, advising plaintiff that the Board would act on his claim at its July 26, 2002 hearing. (Pl.'s Opp'n at 1 & Exs. A & B.)  Plaintiff also argues that his claims are meritorious and "[t]he so-called Administrative Remedies is a joke!"  Plaintiff offers copies of various documents to demonstrate the merits of his claims, to show that inmate appeals are not taken seriously or staff are incompetent, and to prove the futility of attempting to exhaust "the normal inmate appeal procedure."  (Pl.'s Opp'n, Exs. C through F.)

        In reply, defendants assert that exhaustion prior to filing suit is mandated by the plain language of § 1997e(a) and California prisoners are required by state regulation to file an inmate appeal on any claim concerning prison conditions.  Defendants contend that neither plaintiff's letter to the warden nor his State Board of Control claim constitutes the inmate appeal described in the California Code of Regulations.  Defendants argue that plaintiff's letter cannot be construed as an inmate appeal because the letter did not provide prison authorities with notice

of alleged constitutional violations and an opportunity to take action against staff wrongdoings. Defendants take issue with plaintiff's description of the administrative appeals process as a "joke" and observe that plaintiff has failed to explain why he pursued inmate appeals concerning other matters but made no effort to pursue an inmate appeal on his claims that defendants Lemus, Flores, and Carter intentionally exposed him to second hand smoke and improperly denied his cell move requests.

Defendants ask the court to dismiss this action without prejudice. Defendants cite McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam), in which the Ninth Circuit joined eight other circuits in holding that actions involving prison conditions filed before the prisoner exhausted administrative remedies must be dismissed without prejudice.

## ANALYSIS

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court will not read futility or other exceptions into the PLRA's statutory exhaustion requirement. Id. at 741 n.6.

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A

decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).

In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California prisoner must submit an inmate appeal at the appropriate level and proceed to the highest level of administrative review available before filing suit. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096 (9th Cir. 2002). Presentation of a claim to the State Board of Control does not exhaust administrative remedies because the Board is not part of the prison appeal system. See Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) ("Congress certainly intended to require prisoners to exhaust available administrative grievance procedures, [but] there is no indication that it intended prisoners also to exhaust state tort claim procedures."), overruled on other grounds by Booth, 532 U.S. 731.

The PLRA exhaustion requirement creates a defense that defendants may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. If the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

In the present case, the court provided plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant
/////

pursuant to non-enumerated Rule 12(b). (Order filed Dec. 27, 2002, at 3-4; Order filed Oct. 26, 2004, at 3.)

The parties have offered evidence that provides a factual record concerning plaintiff's exhaustion of administrative remedies. The record establishes conclusively that plaintiff did not file an inmate appeal concerning the claims alleged in this action before he brought this suit. By definition, an inmate appeal is a formal request for official action on a decision, action, or policy. Cal. Code Regs. tit. 15, § 3000. Inmates are required to use CDC Form 602, Inmate/Parolee Appeal Form, "to describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). The department is required to ensure that forms are readily available to inmates. Cal. Code Regs. tit. 15, § 3084.1(c). An inmate files an appeal by submitting a completed form to "the involved staff," if an informal resolution must be attempted, or by forwarding the form to the appeals coordinator. Cal. Code Regs., tit. 15, § 3084.2(b) & (c).

Plaintiff's argument that he met the exhaustion requirement by sending a letter to the warden is unavailing. First, sending the warden a letter marked "confidential" did not meet the requirements for commencing an administrative appeal. The letter was not a formal request, it was not submitted on an appeal form, and it was not submitted to involved staff for informal resolution or to the appeals coordinator for processing at the first formal level.

Second, if the court were to disregard the procedural deficiencies of plaintiff's letter, the court would nevertheless be unable to construe the letter as an inmate appeal that served to exhaust the claims alleged in this action because the letter does not state that staff intentionally exposed plaintiff to second-hand smoke or that staff had denied any request for a cell move:

> Since my arrival at this facility back in June this year, I have been housed with fellow inmates who smoke like a chimney.
>
> California laws prohibit smoking in all public places. But this is jail, what can you do?! It is almost impossible to enforce the ban, especially when someone smokes in the cell behind locked door. I couldn't careless [sic] about what other inmates do but I do worry

> about my own health.  It is not fair for me to be forced into exposure to second hand smoking in a confined cell.  Therefore, I respectfully request that I be put on a single-man-cell status.
>
> Should my request be granted, I will never tell anyone so you don't have to worry about repeated requests on the same ground from other inmates.

(Decl. of S. Cervantes, Attach. 2 (confidential letter dated Nov. 30, 2001, from plaintiff to the warden).)  In the inmate appeal plaintiff subsequently submitted to prison authorities in 2004, he refers to the November 30, 2001 letter as his "first request for single-cell status" and states that after he received the warden's response he went to see defendant Lemus about a cell move.  (Id., Attach. 1 (inmate appeal dated May 26, 2004, attachment titled "Supplement").)  Plaintiff's letter cannot be construed as exhausting available administrative remedies on claims that had not yet arisen.

Plaintiff's argument that he met the exhaustion requirement by filing a state tort claim fails because state tort claim procedures are not part of the prison administrative process.  See Rumbles, 182 F.3d at 1070.  Plaintiff's argument concerning the futility of filing inmate appeals is unsupported legally and unpersuasive factually.  This is not a case in which plaintiff attempted to pursue an inmate appeal and was prevented from doing so by the misconduct of prison authorities or other extraordinary circumstances beyond plaintiff's control.  General assertions of futility must be rejected because prisoners are required to exhaust available administrative remedies before filing suit, regardless of the adequacy of those remedies.  See Booth, 532 U.S. at 740-41.  In the absence of any probative evidence of futility, this court must heed the Supreme Court's admonition against reading a futility exception into the statutory exhaustion requirement.

Defendants have met their burden of showing that plaintiff failed to exhaust available administrative remedies with respect to the claims alleged in this action before he brought this suit.  This action should therefore be dismissed without prejudice.  See McKinney, 311 F.3d at 1200-01 (concluding that it would undermine the attainment of congressional

9

objectives to permit a prisoner to exhaust administrative remedies while proceeding with a federal suit instead of prior to bringing the suit).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' October 15, 2004 motion to dismiss be granted; and

2. This action be dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
poon2539.mtd